UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

DOORDASH, INC. and UBER TECHNOLOGIES,
INC.,

<table>
<tr><td></td><td>Plaintiffs,</td><td>**DECLARATION OF**<br>**JESSICA KATZEN**</td></tr>
<tr><td>-against-</td><td></td><td>1:25-CV-10268 (GBD)</td></tr>
<tr><td>THE CITY OF NEW YORK,</td><td></td><td></td></tr>
<tr><td></td><td>Defendant.</td><td></td></tr>
</table>

-------------------------------------------------------------------------X

Jessica Katzen, an attorney duly admitted to practice law in the United States Southern District of New York, declares under penalties of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1. I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, one of the attorneys for Defendant City of New York ("City") in the above-referenced action.

2. Defendant City submits the following exhibits in opposition to Plaintiffs' motion for a preliminary injunction:

3. Annexed hereto as Exhibit "A" is a true and correct copy of Local Law 107 of 2025 ("LL 107"), which amends paragraph 4 of subdivision b of the New York City Administrative Code ("Admin. Code") § 20-1152.

4. Annexed hereto as Exhibit "B" is a true and correct copy of Local Law 108 of 2025 ("LL 108"), which amends paragraphs 3 and 5 of subdivision b of Admin. Code § 20-1552. For convenience, Defendant City refers to LL 107 and LL 108 collectively as the "Tipping Laws".

5. Annexed hereto as Exhibit "C" is a true and correct copy of Local Law 115 of 2021 ("LL 115"), passed by the New York City Council ("City Council") on September 23,

1

2021, and known as the Minimum Pay Law ("MPL"). The MPL required the New York City Department of Consumer and Worker Protection ("DCWP") to study the worker conditions of food delivery workers, and based on the results of such study, promulgate rules that establish a method for determining the minimum payments that must be made to third-party food delivery workers ("delivery workers") by third-party food delivery services ("platforms"), such as Plaintiffs Uber and Doordash.

6. Annexed hereto as Exhibit "D" is a true and correct copy of the transcript of a hearing of the City Council, Committee on Consumer Affairs and Business Licensing on June 8, 2021, regarding Intro. No. 2294, which was later enacted as the MPL.

7. Annexed hereto as Exhibit "E" is a true and correct copy of DCWP's Report titled "A Minimum Pay Rate for App-Based Restaurant Delivery Workers in NYC," which discusses DCWP's findings of its study into the working conditions of delivery workers conducted pursuant to the MPL. The study found that food delivery workers earned $7.09 per hour without tips, and after adjusting workers' job related expenses and their utilization of multiple apps at the same time, workers' actual take home pay was $4.03 per hour without tips.

8. Annexed hereto as Exhibit "F" is a true and correct copy of DCWP's Final Minimum Pay Rule ("MPR"), which established a minimum pay rate for delivery workers, phased in at $17.96 through April 1, 2024, $18.96 plus an inflation adjustment through April 1, 2025, and $19.96 plus an inflation adjustment thereafter.

9. Annexed hereto as Exhibit "G" are true and correct copies, collectively, of Intro. No. 737, the Plain Language Summary of Intro. No. 737, and Intro. No. 737-A. Intro. No. 737 "would require third-party food delivery services, such as Uber Eats and Seamless, to suggest gratuity at a minimum of 10 percent of the purchase price on each food delivery order." Intro. No.

737 was amended to include grocery delivery services and to include an option for customers to manually enter a different gratuity amount.  Intro. No. 737-A was enacted as LL 107.

10.    Annexed hereto as Exhibit "H" are true and correct copies, collectively, of Intro. No. 738, the Plain Language Summary of Intro. No. 738, and Intro. No. 738-A. Intro. No. 738 "would require third-party food delivery services that solicit gratuities for food delivery workers to conspicuously solicit gratuities before or at the same time an online order is placed." Int. No. 738 was amended to include grocery delivery services. Intro. No. 738-A was enacted as LL 108.

11.    Annexed hereto as Exhibit "I" is a true and correct copy of the transcript of the City Council's Committee on Consumer and Worker Protection hearing, held on June 21, 2024, where the sponsor of Intro. Nos. 737 and 738 and a representative from DCWP discussed how Plaintiffs' practices were making it more difficult for customers to tip delivery workers, and the continued need for improvements to delivery worker pay and conditions.

12.    Annexed hereto as Exhibit "J" is a true and correct copy of the written testimony submitted to City Council regarding Intro. Nos. 737 and 738.

13.    Annexed hereto as Exhibit "K" is a true and correct copy of the Report of the City Council's Committee on Consumer and Worker Protection, dated July 14, 2025, which explains that Plaintiffs' modification of moving the tipping option from prior to checkout to post-checkout on their apps after the implementation of the MPR resulted in a loss of $85 million in tips earned by delivery workers by June 2024.

Dated:    New York, New York
          January 5, 2025

                                        /s/ _____
                                        Jessica Katzen

3