THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**JESSICA KATZEN**
Assistant Corporation Counsel
phone: (212) 356-1646
email: jkatzen@law.nyc.gov

September 3, 2026

**By ECF**
The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**SO ORDERED:**
George B. Daniels
George B. Daniels, U.S.D.J.
Dated: SEP 09 2026

Re: *DoorDash, et al. v City of New York*, 1:25-cv-10268 (GBD)
Request for stay of district court proceedings pending appeal

Your Honor:

I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, one of the attorneys for Defendant City of New York ("City") in the above-referenced action. The City submits this letter to request a stay of the district court proceedings pending a decision from the Second Circuit on the appeal of the decision denying Plaintiffs' motion for a preliminary injunction. Plaintiffs consent to this request.

On January 23, 2026, this Court denied Plaintiffs' motion for a preliminary injunction, which centered on Plaintiffs' claim that Local Laws 107 and 108 of 2025 (the "Tipping Laws") impermissibly compel speech in violation of the First Amendment. Plaintiffs took an interlocutory appeal from this Court's denial of preliminary injunctive relief, and the Second Circuit denied a stay pending appeal. The appeal is fully briefed, but the Second Circuit has not yet rendered a decision on this appeal. On August 20, 2026, this Court granted in part and denied in part Defendants' motion to dismiss the Complaint, dismissing all claims except for the First Amendment claim. A stay of the district court proceedings pending a decision from the Second Circuit on Plaintiffs' interlocutory appeal is warranted because the Second Circuit's review involves the only remaining claim in this action—Plaintiffs' First Amendment compelled speech claim.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Tatintsian v. Vorotyntsev*, No. 1:16-cv-7203, 2026 U.S. Dist. LEXIS 66180, at *1 (S.D.N.Y. Mar. 27, 2026) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "When deciding whether to grant a stay, courts consider five factors: (1) the private interests of

the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Volmar Distribs. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). The basic goal with balancing these factors is to avoid prejudice. *See Kappel v. Comfort*, 914. F. Supp. 1056, 1058 (S.D.N.Y. 1996).

Here, all factors weigh in favor of a stay. Absent a stay, the parties and the Court will be forced to proceed with discovery, and brief and litigate questions that may be decided or addressed by the Court of Appeals' interlocutory review. Thus, "[j]udicial economy strongly favors staying the proceedings pending [the Second Circuit's] resolution of the legal questions at the core of this action." *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 13 Civ. 5784, 2015 U.S. Dist. LEXIS 17374, at *10 (S.D.N.Y. Feb. 10, 2015); *see also N.Y. State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) ("it is a waste of judicial resources for two courts to be considering the same issues in the same case at the same time"); *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("a court may also properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action."). The Second Circuit's disposition of the appeal will be instructive of the overlapping issues that would dominate further proceedings here. Therefore, a stay will "best serve the interests of the courts by . . . minimizing the possibility of conflicts between different courts." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. EPA*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009).

Finally, a stay will not prejudice either party, nor the interests of those impacted by the Tipping Laws that are not party to the suit, namely, third-party app delivery workers and consumers who utilize third-party delivery services. The Tipping Laws, which establish standards around solicitation for gratuities for app-based delivery workers and constitute important worker protection provisions, are currently in effect, and will remain in effect unless the Second Circuit reverses this Court's decision to deny Plaintiffs' motion for a preliminary injunction. Importantly, Plaintiffs consent to this request for a stay of the district court proceedings. Thus, there is no countervailing urgency to justify duplicative litigation in the interim.

Thank you for your consideration of this request.[1]

Respectfully submitted,

Jessica Katzen

Jessica Katzen
Assistant Corporation Counsel

cc: Counsel for Plaintiffs (via ECF)

---

[1] In light of this request, Defendants have not filed an answer. Should this request be denied, Defendants respectfully request 14 days from such denial to file an answer.